**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| JAMES A. HONE, | ) | |
| Plaintiff, | ) | No. 26-900 |
| v. | ) | Filed: July 16, 2026 |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff James A. Hone, who is incarcerated at New York's Clinton Correctional Facility and is proceeding pro se, filed his Complaint on June 17, 2026, without paying the filing fees. *See* Pl.'s Compl., ECF No. 1. Consistent with the Court's June 24, 2026 Order, ECF No. 6, Plaintiff filed an Application to Proceed In Forma Pauperis ("IFP Application") on July 10, 2026. ECF No. 8. Among other things, Plaintiff's IFP Application indicates that he has approximately $5,000.00 in cash or in a checking, savings, or inmate account, and that Plaintiff currently receives $9.00 per month in idle pay from the Clinton Correctional Facility. *Id.* at 1–2. Plaintiff further indicates that he does not have any regular monthly expenses, such as housing, transportation, utilities, or loan payments, due to his incarceration. *Id.* at 2.

A court may waive its filing fees and allow a plaintiff to proceed IFP if the plaintiff is "unable to pay such fees or give security therefor."[1] 28 U.S.C. § 1915(a)(1). "To be 'unable to

---

[1] To proceed with an action in this Court, a plaintiff must pay $405.00 in fees: a $350.00 filing fee plus a $55.00 administrative fee. The latter is waived for plaintiff-prisoners granted IFP status, but they must still pay the $350.00 filing fee. *See Skinner v. Switzer*, 562 U.S. 521, 535 (2011) (explaining that 28 U.S.C. § 1915(b)(1) requires a plaintiff-prisoner proceeding IFP to pay the full filing fee out of a percentage of the plaintiff-prisoner's prison trust account).

pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). A plaintiff must support his IFP application with an affidavit providing financial information, including a statement of all assets, sufficient to demonstrate his eligibility for IFP status.[2] *See* 28 U.S.C. § 1915(a)(1). It is left to the court's discretion to determine whether requiring the plaintiff to pay the filing fees would "impose[] undue financial hardship." *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016); *see also Bryant v. United States*, 618 F. App'x 683, 685 (Fed. Cir. 2015) ("[P]roceeding *in forma pauperis* . . . is a privilege, not a right." (alteration in original) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998))).

Upon review, the Court finds that requiring Plaintiff to pay the filing fees would not "constitute a serious hardship." *Fiebelkorn*, 77 Fed. Cl. at 62. Plaintiff indicates that he has $5,000.00 in cash, checking, savings, or inmate accounts and no monthly expenses. ECF No. 8 at 1–2. Although Plaintiff may only receive $9.00 in monthly income, Plaintiff could use a portion of the $5,000.00 in cash assets to pay the filing fees. *Id.* Indeed, a payment of $405.00 would only expend approximately 8 percent of Plaintiff's cash assets. Thus, based on Plaintiff's current cash assets and lack of monthly expenses, the Court finds that Plaintiff does not provide sufficient "evidence that paying the filing fee would . . . impose[] undue financial hardship." *Chamberlain*,

---

[2] In addition, a plaintiff-prisoner seeking to proceed IFP must also submit (1) a certified copy of the plaintiff-prisoner's trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint, and (2) a Prisoner Authorization Form. *See* 28 U.S.C. § 1915(a)(2). While Plaintiff provided his inmate account statements for the months of April and May 2026, *see* ECF No. 8 at 3–4, he did not fully comply with § 1915(a)(2)'s requirement to submit inmate account statements for the six-month period immediately preceding the filing of his Complaint. As of May 29, 2026, Plaintiff had $368.04 in his inmate account. *Id.* at 3.

655 F. App'x at 825.  Accordingly, Plaintiff is not entitled to proceed without payment of the filing fees pursuant to 28 U.S.C. § 1915.

Because the Court finds that Plaintiff is not entitled to IFP Status, Plaintiff's IFP Application (ECF No. 8) is **DENIED**.  Plaintiff is **ORDERED** to pay the $405.00 in filing fees **by August 17, 2026**.  If Plaintiff fails to comply with this order, the Court will dismiss his case for failure to prosecute under Rule 41(b) of the Rules of the United States Court of Federal Claims.

**SO ORDERED.**


Dated: July 16, 2026                          /s/ Kathryn C. Davis
                                              KATHRYN C. DAVIS
                                              Judge

3