**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

| | |
|---|---|
| JAMES A. HONE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 26-900<br><br>Filed: August 28, 2026 |

**MEMORANDUM OPINION AND ORDER**

On July 16, 2026, the Court denied Plaintiff's Application to Proceed In Forma Pauperis ("IFP Application"), finding Plaintiff's financial status indicated that "pay[ing] the filing fees would not 'constitute a serious hardship.'" Mem. Op. & Order at 2, ECF No. 9 (quoting *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007)). The Court ordered Plaintiff to pay the filing fees by August 17, 2026, and warned that if Plaintiff failed to do so, the Court would dismiss his case for failure to prosecute. *Id.* at 3. On July 31, 2026, the Court granted Plaintiff leave to file his monthly account statements from Clinton Correctional Facility, but found that the statements did not impact the Court's denial of his IFP Application. *See* Order at 2, ECF No. 10. On August 13, 2026, the Court received from Plaintiff a defective submission regarding the Court's denial of IFP status, which the Court granted leave to file as a Motion for Extension of Time to File Notice of Appeal and for a Stay Pending Appeal. *See* ECF No. 13. It is not clear whether Plaintiff seeks additional time to file his notice of appeal or to pay the required filing fees in light of Plaintiff's intention to appeal the IFP denial. Because the Court finds that, under either interpretation, Plaintiff has not established he is entitled to the relief that he seeks, the Court **DENIES** Plaintiff's Motion.

Plaintiff first appears to seek an extension of time to file his notice of appeal of the Court's decision denying his IFP Application, as his motion cites Federal Rule of Appellate Procedure ("FRAP") 4(a)(1)(B)'s 60-day deadline for filing a notice of appeal and requests "more time to file this appeal." *Id.* at 1. FRAP 4(a)(5)(A) states that "[t]he district court may extend the time to file a notice of appeal" if a party moves for an extension no later than 30 days after the appeal deadline and that party shows "excusable neglect or good cause." The Court denied Plaintiff's IFP Application on July 16, 2026, meaning that Plaintiff's notice of appeal of that decision is not due until 60 days later, on September 14, 2026. *See* Fed. R. App. P. 4(a)(1)(B). While the motion is thus timely, the appeal deadline is still over two weeks away and Plaintiff has not provided any reason, let alone excusable neglect or good cause, for why he needs an extension. Accordingly, the Court denies Plaintiff's Motion for an Extension of Time to File his Notice of Appeal.

Plaintiff also appears to seek a stay pending appeal of the Court's August 17, 2026 deadline for Plaintiff to pay the required filing fees. *See* ECF No. 13 at 1 (explaining that the Court "gave [Plaintiff] until Aug. 17 to pay $405" and he "wish[es] to be granted more time to file this appeal"). "It is well established that an injunction pending appeal is an 'extraordinary' remedy." *Cleveland Assets, LLC v. United States*, 133 Fed. Cl. 108, 111 (2017) (collecting cases). The moving party bears the burden of establishing that a stay is warranted based on the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "Each factor, however, need not be given equal weight." *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990). Upon consideration of these four factors, the Court finds that Plaintiff has not met his burden of establishing that he is entitled to the extraordinary remedy of a stay pending appeal.

First, Plaintiff has not made a strong showing that he has a substantial "chance[] for success on appeal." *E.I. DuPont de Nemours & Co. v. Phillips Petroleum*, 835 F.2d 277, 278 (Fed. Cir. 1987). "The determination of whether to allow a litigant to proceed IFP is committed to the sound discretion of the trial court," *Hollie v. United States*, No. 2026-1743, 2026 WL 2122237, at *1 (Fed. Cir. July 23, 2026) (citing *Fourstar v. United States*, 950 F.3d 856, 858 (Fed. Cir. 2020)), and Plaintiff offers no reason to suggest that the Court abused its discretion in finding that paying the filing fees would not impose on Plaintiff a serious hardship. Indeed, Plaintiff's motion does not explain what arguments Plaintiff intends to make on appeal.

Second, Plaintiff has not established that he will be irreparably injured absent a stay. Plaintiff may immediately appeal the Court's denial of his IFP Application to the United States Court of Appeals for the Federal Circuit, and if Plaintiff is successful in his appeal, the Federal Circuit could vacate this Court's decision and remand the case for further proceedings. *See Sanders v. United States*, No. 21-2187, 2022 WL 880251, at *3 (Fed. Cl. Mar. 23, 2022) (finding denial of a stay pending appeal of the court's denial of the plaintiff's IFP application did not irreparably injure the plaintiff). If Plaintiff elects not to pay the filing fees as required by the Court's order, which warned that dismissal would result, Plaintiff may also appeal that final order dismissing his case.

Finally, Plaintiff has not established that the third and fourth factors weigh in favor of a stay pending appeal. Section 1915 of Title 28 only affords IFP status to plaintiffs for whom paying the required filing fees would impose a serious hardship. *See Fiebelkorn*, 77 Fed. Cl. at 62. Thus, staying Plaintiff's deadline for paying the filing fees while Plaintiff appeals the Court's decision would require the Government, as the opposing party, and the Court to expend resources on this case without payment of the required fees or a finding that Plaintiff meets the requirements of 28

U.S.C. § 1915. *See generally Sanders*, 2022 WL 880251, at *3 (finding that a stay pending appeal of the court's denial of plaintiff's IFP application would thwart Congress's intent in enacting 28 U.S.C. § 1915(g) to cut off repetitive IFP prisoner litigation). Accordingly, Plaintiff has not established that his deadline for paying the filing fees should be stayed pending appeal.

For the foregoing reasons, Plaintiff's Motion for Extension of Time to File Notice of Appeal and for a Stay Pending Appeal is **DENIED**. Plaintiff shall pay the $405.00 in filing fees **by September 11, 2026**. If Plaintiff fails to do so, the Court will dismiss his case for failure to prosecute under Rule 41(b) of the Rules of the United States Court of Federal Claims.

**SO ORDERED.**

Dated: August 28, 2026

*/s/ Kathryn C. Davis*
KATHRYN C. DAVIS
Judge