**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

| | |
|---|---|
| JAMES A. HONE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 26-900<br><br>Filed: September 1, 2026 |

**MEMORANDUM OPINION AND ORDER**

On July 16, 2026, the Court denied Plaintiff's Application to Proceed In Forma Pauperis ("IFP Application"), finding Plaintiff's financial status indicated that "pay[ing] the filing fees would not 'constitute a serious hardship.'" Mem. Op. & Order at 2, ECF No. 9 (quoting *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007)). The Court ordered Plaintiff to pay the filing fees by August 17, 2026, and warned that if he failed to do so, the Court would dismiss his case for failure to prosecute. *Id.* at 3. On July 31, 2026, the Court granted Plaintiff leave to file his monthly inmate account statements for the period from November 1, 2025 through April 30, 2026, but found that the statements did not impact the Court's denial of his IFP Application. *See* Order at 2, ECF No. 10. The Court also granted Plaintiff leave to file a Motion for Extension of Time to File Notice of Appeal and for a Stay Pending Appeal, ECF No. 13, which the Court denied, ordering Plaintiff to pay the filing fees by September 11, 2026, to avoid dismissal. Mem. Op. & Order at 4, ECF No. 14.

Currently before the Court is Plaintiff's Motion for Reconsideration of the Court's denial of Plaintiff's IFP Application. *See* ECF No. 16. Plaintiff's Motion explains that staff shortages

delayed processing of Plaintiff's request for the inmate account statements and "request[s] reconsideration of [his] IFP application." *Id.* at 1. Plaintiff encloses two attachments: (1) his inmate account statements for the period from November 1, 2025 through April 30, 2026, which he previously submitted, *id.* at 2–7; and (2) "[a] copy of a [d]isbursement form for $405 to pay [the] filing fee for this case," *id.* at 9. Because Plaintiff's reconsideration request is based on the submission of his account statements, which the Court has already determined did not impact its IFP denial, the Court denies Plaintiff's Motion.

Under Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"), a party may seek reconsideration of a court's decision. There are three grounds upon which a court may grant a motion for reconsideration: (1) "for any reason for which a new trial has heretofore been granted in an action at law in federal court," (2) "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court," or (3) "upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States." RCFC 59(a)(1). Accordingly, the United States Court of Appeals for the Federal Circuit has noted that a court may grant a Rule 59 motion "when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Young v. United States*, 94 Fed. Cl. 671, 674 (2010)).

"The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). Such motions are "not intended . . . to give an unhappy litigant an additional chance to sway the court . . . [or to raise] an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed." *Matthews v. United States*, 73 Fed. Cl. 524, 525–

26 (2006) (internal citations and quotation marks omitted). Instead, to grant relief, the moving party must make "a showing of extraordinary circumstances." *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (citation omitted).

Here, Plaintiff seeks reconsideration based on the submission of his inmate account statements. *See* ECF No. 16 at 1. While the Court appreciates that Plaintiff may have experienced delays in obtaining the account statements, the Court has already determined that the account statements have no impact on the Court's denial of Plaintiff's IFP Application. *See* ECF No. 10. As the Court previously explained:

> While the Court noted in a footnote that Plaintiff's IFP Application did not fully comply with 28 U.S.C. § 1915(a)(2)'s requirement that a plaintiff-prisoner seeking to proceed IFP submit a certified copy of the plaintiff-prisoner's inmate account statement for the six-month period immediately preceding the filing of the complaint, that was not a basis for the Court's denial of Plaintiff's IFP Application. Instead, the Court's decision was based on Plaintiff's representations that he has $5,000 in cash or in a checking, savings, or inmate account and that he lacks regular monthly expenses. The Court found those facts indicated that paying the filing fees would not impose an undue financial hardship on Plaintiff.

*Id.* at 1–2 (citing ECF No. 9 at 2–3, 2 n.2). Plaintiff's pending Motion offers no reason to suggest that the Court erred in determining that the account statements did not impact its denial of Plaintiff's IFP Application. Nor does Plaintiff provide any other reason for the Court to reconsider its IFP denial.[1] Accordingly, Plaintiff's Motion does not offer any basis, let alone a sufficient basis under RCFC 59(a), for the Court to reconsider its decision denying Plaintiff's IFP Application.

---

[1] In addition to the account statements, Plaintiff attaches a disbursement request indicating that Plaintiff initiated the process for his correctional institution to pay the Clerk of Court the $405.00 in required filing fees from Plaintiff's inmate trust account. *See* ECF No. 16 at 9. Plaintiff does not make, nor can the Court conceive of, any argument as to why this request would provide a basis for reconsideration of the IFP denial. If the Clerk receives the fee as a result of such request, the case may proceed despite Plaintiff's lack of IFP status. As of the close of business on August 31, 2026, however, the Court has not received any payment for Plaintiff's filing fee.

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 16) is **DENIED**.

**SO ORDERED.**

Dated: September 1, 2026

*/s/ Kathryn C. Davis*
KATHRYN C. DAVIS
Judge